# EXHIBIT A
## State Court Filings

«MatterID»

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOODLEAP, LLC..; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SONJIA FIELDER,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 09 2021

BY _____
ASHLEE BAYLESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services. (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino
247 West Third Street, San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVSB 2121368

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: AUG 09 2021        Clerk, by Ashlee Bayless, Deputy
(Fecha)                  (Secretario)                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Trans Union, LLC**

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUL 21 2021

BY _____
ASHLEE BAYLESS, DEPUTY

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## UNLIMITED JURISDICTION

| | |
|---|---|
| SONJIA FIELDER,<br><br>Plaintiff,<br><br>-vs-<br><br>GOODLEAP, LLC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. CIV SB 2121368<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>1. Fair Credit Reporting Act<br>2. California Consumer Credit Reporting Agencies Act<br><br>(Amount to Exceed $25,000)<br><br>**Jury Trial Demanded** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants GOODLEAP, LLP., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC's (hereinafter referred to collectively as "Defendants") violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, *et seq.* (hereinafter "CCCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

Complaint - 1

## II. PARTIES

2. Plaintiff SONJIA FIELDER (hereinafter "Plaintiff") is a natural person residing in San Bernardino County, in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

3. At all relevant times herein, Defendant GOODLEAP, LLC. (hereinafter "GOODLEAP") regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

4. On or about June 2020, Defendant GOODLEAP, LLC changed their name from LoanPal, LLC.

5. At all relevant times herein, Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "EF") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

6. At all relevant times herein, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "XP") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

7. At all relevant times herein, Defendant TRANS UNION LLC (hereinafter "TU," and with XP and EF, "CRA Defendants") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and *Cal. Civ. Code* §1785.3(d).

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

11. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant GOODLEAP reported derogatory information on Plaintiff's credit reports with the CRA Defendants. Defendant GOODLEAP misrepresented and continues to misrepresent Plaintiff on her credit reports.

12. Within two years prior to the filing of the Complaint, Plaintiff disputed the negative reporting to CRA Defendants and advised them of all of the above.

13. GOODLEAP's reporting on Plaintiff's credit report with the CRA Defendants has resulted in a negative effect on Plaintiff's credit score.

14. On or around April 2020, Plaintiff decides to defer several months of payment. LoanPal agreed to defer Plaintiff's May 2020, June 2002 and July 2020 payments by extending her loan and adding the payments to the end of her loan term.

15. On or around September 2020, Plaintiff attempted to refi her mortgage. It was at this time that Plaintiff had inaccurate information reflected on her EQ and TU credit reports.

16. After being made aware of the false information being reflected on her credit reports, Plaintiff made both the CRAs and GOODLEAP be made aware of the inaccuracies on her credit report via telephone calls, emails and certified mail to Defendants.

17. On or about early October 2020, the disputed GOODLEAP items were removed by TU and EX. By late October 2020, the false information is on Plaintiff's credit reports again.

Complaint - 3

18. Despite her dispute, Defendant GOODLEAP had refused to remove the inaccurate negative remarks from her credit report and CRA Defendants failed to conduct a reasonable investigation and permanently remove the derogatory remarks.

19. Defendant GOODLEAP is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

20. On or about June of 2021, Plaintiff completed her refi. Defendant GOODLEAP was paid in full by July of 2021. Plaintiff is currently waiting on an overpayment refund from Defendant GOODLEAP.

21. As of July 2021, Defendant GOODLEAP is not reporting late on any of Plaintiff's credit reports.

22. CRA Defendants are aware that the information they disseminate will be used by various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

23. As of June 8, 2021, Defendant TU accurately reflected the corrected Plaintiff credit history. However, there are been several occasions in the last two years when Defendant TU has shown inaccurate information of Plaintiff's credit report.

24. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

25. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

26. Plaintiff has been damaged, and continues to be damaged, in the following ways:

  a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

27. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

28. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

29. Defendant GOODLEAP violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

  a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

  b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

30. CRA Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

  a. Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendant disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate

31. Similarly, CRA Defendants violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after receiving a dispute from Plaintiff.

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33. As a result of the above violations of the FCRA and CCCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE
## FAIR CREDIT REPORTING ACT

34. Plaintiff reincorporates by reference all of the preceding paragraphs.

35. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## COUNT II: VIOLATION OF THE
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

38. Based on these violations of Civil Code § 1785.25 (a) by GOODLEAL and Civil Code § 1785.16 by CRA Defendants, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

 (a) Actual damages;

 (b) For statutory damages of $1,000.00 pursuant to 15 U.S. Code § 1681n;

 (c) Punitive damages not to exceed $5,000.00 per violation pursuant to Cal Civ. Code § 1785.31;

 (d) Costs and reasonable attorney's fees;

 (e) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

39. Plaintiff, pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of July 2021.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Sonjia Fielder-V-Goodleap, LLC, Et Al. | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | **Case Number** CIVSB2121368 |

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 OXNARD ST
SUITE 780
WOODLAND HILLS CA 91367

This case has been assigned to: John M Pacheco in Department S31 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 02/07/2022 at 9:00 AM in Department S31 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 8/9/2021                              Nancy CS Eberhardt, Court Executive Officer

By: _____
Ashlee Bayless, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 8/9/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 8/9/2021 at San Bernardino, CA.

By: _____
Ashlee Bayless, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: ____<br>LIMITED CASE: ____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

    _____          _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

    _____          _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: ____<br>LIMITED CASE: ____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____  Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to  ☐ consolidate  ☐ **Trial dates requested: Yes** ☐  No ☐  Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____        _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

_____        _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360          INITIAL TRIAL SETTING CONFERENCE STATEMENT
Mandatory Form

**COPY** — CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234  FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Sonjia Fielder | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br>JUL 21 2021<br>BY ASHLEE BAYLESS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District

CASE NAME: Sonjia Fielder v. GOODLEAP, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVSB 2121368<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [✓] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 20, 2021

Todd M. Friedman
(TYPE OR PRINT NAME)   ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

**COPY**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

| SONJIA FIELDER | CASE NO.: **CIV SB 2121368** |
|---|---|
| vs. | **CERTIFICATE OF ASSIGNMENT** |
| GOODLEAP, LLC. et al | |

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
__San Bernardino__ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General    ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other  FCRA | Plaintiff resides within the district |
| ☐ | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

BY FAX

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Sonjia Fiedler | | 10950 Arrow Route #3348 | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Rancho Cucamonga | CA | 91729 | |
| CITY | STATE | ZIP CODE | |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on __July 20, 2021__ at __Woodland Hills__, California

_Signature of Attorney/Party_

**CERTIFICATE OF ASSIGNMENT**

13-16503-360, Rev 06-2014

| | |
|---|---|
| **CASE ATTACHMENT COVER PAGE** | (ENDORSED)<br>**ELECTRONICALLY**<br>**FILED**<br><br>BY SUPERIOR COURT<br>OF CALIFORNIA, COUNTY OF<br>**San Bernardino**<br>on **Sep 10, 2021**<br>*CLERK OF THE SUPERIOR COURT*<br>*Deputy Clerk:* **Angeline Garcia** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**<br>STREET ADDRESS: **247 West Third Street**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **San Bernardino, CA 92415**<br>BRANCH NAME: **San Bernardino Justice Center**<br>WEBSITE: **http://www.sb-court.org** | |
| ATTACHMENT NAME: **Answer: GoodLeap, LLC's Answer to Plaintiff's Complaint** | |
| CASE NAME: **Sonjia Fielder vs. GoodLeap, LLC, et al.** | CASE NUMBER:<br>CIVSB2121368 |
| **Please log on to www.TurboCourt.com regularly for updates** | |

**Please staple this to your original attachment**

*http://turbocourt.com/*

**BOUTIN JONES INC.**
Michael E. Chase (SBN 214506)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4444
Facsimile: (916) 441-7597
Email: mchase@boutinjones.com

Attorneys for Defendant
GoodLeap, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| SONJIA FIELDER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GOODLEAP, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1 through 10,<br><br>　　　　　　　Defendants. | Case No. CIV-SB-2121368<br><br>**GOODLEAP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 21, 2021<br>Trial Date: Not Yet Set |

Defendant GoodLeap, LLC ("GoodLeap") responds to the Complaint filed by Plaintiff Sonjia Fielder ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), GoodLeap denies, generally and specifically, each and every material allegation against it in the Complaint. GoodLeap further denies, generally and specifically, that Plaintiff is entitled to any relief against GoodLeap or to the relief requested, or has been damaged in the sum or sums alleged.

///

///

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against GoodLeap are subject to mandatory contractual arbitration. GoodLeap has requested that Plaintiff's stipulate to stay this action against GoodLeap pending completion of arbitration. To date, Plaintiff's has not responded. If Plaintiff's will not stipulate to stay the action pending arbitration, GoodLeap intends to seek a court order to that effect.

### SECOND AFFIRMATIVE DEFENSE

GoodLeap is not liable for any of the alleged violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, because at the time of the alleged failure to comply with that statute, GoodLeap maintained reasonable procedures to comply with its provisions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are premised upon an alleged agreement which fails to comply with the statute of frauds, Cal. Civ. Code § 1624.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are premised upon communications without malice between persons with an interest therein, Cal. Civ. Code § 47(c).

### ADDITIONAL AFFIRMATIVE DEFENSES

GoodLeap reserves the right to assert additional affirmative defenses after further investigation and discovery.

### PRAYER

WHEREFORE, GoodLeap, LLC prays as follows:

1. Plaintiff take nothing by her Complaint;
2. For costs; and
3. For such other and further relief as the Court may deem proper.

Dated: September 10, 2021

BOUTIN JONES INC.

By: *Michael Chase*
Michael E. Chase

Attorneys for Defendant
GoodLeap, LLC

Case Name: *Sonjia Fielder v. GoodLeap, LLC, et al.*
Court/Case No.: San Bernardino County Superior Court Case No. CIV-SB-2121368

# PROOF OF SERVICE
### [CCP §1013a]

The undersigned declares:

I am employed in the County of Sacramento, State of California. I am over the age of 18 years and not a party to the within action; I am employed by Boutin Jones Inc., 555 Capitol Mall, Suite 1500, Sacramento, California 95814.

On the date set forth below, I served the foregoing document described as:

**GOODLEAP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Boutin Jones Inc., mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

☐ **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

☐ **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c).

☒ **by electronic transmission** in accordance with Code of Civil Procedure § 1013(f), to the following party(ies) at the email address(es) indicated.

addressed to the person(s) on whom it is to be served, whose name(s) and address(es) are listed below:

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Adrian R. Bacon, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>Tel.: (323) 306-4234<br>Fax: (866) 633-0228<br>Email: tfriedman@toddflaw.com<br>          abacon@toddflaw.com | *Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 10, 2021, at Sacramento, California.

*Sherrell Hill*
SHERRELL HILL